FILED
July 23, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: JM
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| **ALEXANDER GARCIA REYES,** **Plaintiff,** | § § § | |
| **v.** | § | **Civil No. DR-25-CV-0052-AM** |
| | § | |
| **PAPUCHO TRANSPORT SERVICE CORP., EXACTUS LOGISTIC, INC., and JOHN DOE,** **Defendants.** | § § § § | |

**ORDER**

Before the Court is the Report and Recommendation of the Honorable Joseph A. Cordova, United States Magistrate Judge. (ECF No. 36.) Judge Cordova recommends that the Court grant the Plaintiff's Unopposed Motion for Leave to File Second Amend Complaint [ECF No. 31], not rule on Defendant Exactus Logistic, Inc.'s Amended Motion for Leave to File Third-Party Complaint [ECF No. 32], and remand the case to state court. The Parties did not object. Upon review, the Court **APPROVES** and **ADOPTS** the Report and Recommendation.

## I. BACKGROUND

This matter arises from a worksite injury. Mr. Jesus Hernandez d/b/a HDZ Concrete was hired to oversee site preparation and perform on-site supervision for a project to build a splash-pad at Long Memorial Park. (ECF No. 32-1 at 3.) HDZ Concrete hired the Plaintiff to assist with this project as an independent contractor. (ECF No. 28.)

On July 31, 2024, the Plaintiff was using a chain to remove concrete pallets from a box truck operated by Mr. Luis Mendez. (ECF No. 31-1 at 3–4.) While the Plaintiff was attaching the chain to a concrete pallet, Mr. Mendez reversed the truck, causing a pallet to shift, thereby trapping the Plaintiff's right leg between the box truck and an excavator. (*Id.*) The Plaintiff was eventually airlifted to Brooke Army Medical Center in San Antonio, Texas, where he underwent emergency

surgery to repair his leg. (*Id.* at 5.) The Plaintiff underwent two more procedures within the next nine months. (*Id.*)

The Plaintiff filed this lawsuit on May 19, 2025, in Val Verde County, Texas. (ECF No. 1-3.) The Plaintiff designated Papucho Transport Service Corporation, Exactus Logistic, Inc., and John Doe (the then-unknown vehicle operator) as Defendants. (*Id.*) The Plaintiff, a resident of Del Rio, Texas, alleged that he suffered damages exceeding $250,000 [*id.* at 1–2], and that both Exactus Logistic and Papucho Transport were incorporated, and had their principal places of business, in Florida [*id.*; ECF Nos. 1-8 to 1-11]. On June 23, 2025, Defendant Exactus Logistic timely removed the case to this Court based on diversity jurisdiction. (ECF No. 1.)

During the parties' Rule 26(f) conference, the Plaintiff discovered Mr. Mendez was driving the box truck in question. (ECF No. 9 at 1.) On September 16, 2025, the Plaintiff filed a Motion for Leave to File an Amended Complaint to name Mr. Mendez as a defendant in the case. (*Id.*) Judge Cordova granted that motion on October 31, 2025. (ECF No. 12.)

Various issues arose about HDZ Concrete's legal identity after removal, as detailed in Judge Cordova's Report and Recommendation. (ECF No. 36 at 3–4.) Defendant Exactus Logistic, for example, sought to implead HDZ Concrete Construction, LLC, believing it was the same entity as HDZ Concrete [ECF No. 17], or a successor in liability, or an alter ego of the owner [ECF No. 36 at 3]. Defendant Exactus Logistic later requested that Judge Cordova allow limited jurisdictional discovery to determine HDZ Concrete's identity because it could not be identified with sufficient certainty. (ECF No. 25 at 5–7.) The Plaintiff filed a supplemental brief on jurisdiction, claiming HDZ Concrete is an unincorporated business, with Mr. Hernandez as the sole proprietor. (ECF No. 28.) Judge Cordova found that good cause existed to modify the scheduling order and

extended the deadline to amend or supplement pleadings, or to join additional parties until May 19, 2026. (ECF No. 30. at 2.)

On May 13, 2026, the Plaintiff filed his Unopposed Motion for Leave to File Second Amend Complaint, seeking to add claims against Water Splash, Inc., Ms. Maya Petrova, and Mr. Hernandez. (ECF No. 31 at 1.) Relevant here, Mr. Hernandez is an individual resident of Val Verde County, Texas, living in Del Rio. (ECF No. 31-1 at 2.) The Plaintiff alleges Defendant Mendez worked as Mr. Hernandez's employee and acted within the course and scope of that employment at the time of this incident. (*Id.* at 4.) The Plaintiff seeks to hold Mr. Hernandez liable for Defendant Mendez's negligence under the theory of *respondeat superior* and for his own negligent acts or omissions. (*Id.* at 9–10.)

On May 19, 2026, Defendant Exactus Logistic filed its Amended Motion for Leave to File a Third-Party Complaint to implead Water Splash, Ms. Petrova, Fifth Wheel Freight LLC, and Mr. Hernandez. (ECF No. 32.) Both Defendant Exactus Logistic and the Plaintiff agree that Mr. Hernandez is a proper party to this lawsuit. (*See id.* at 1–2; ECF No. 31 at 1–2.) Both parties also agree it was challenging to identify Mr. Hernandez because his sole proprietorship, HDZ Concrete, has a name similar to multiple entities on file with the Texas Secretary of State. (*See* ECF No. 32 at 1–2; ECF No. 31 at 1–2.)

## II. STANDARD OF REVIEW

Parties may object to the proposed findings and recommendations of a Magistrate Judge within fourteen days after service of the Report and Recommendation. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to Judge Cordova's Report and Recommendation were due by July 8, 2026. No party filed objections. Thus, the Court does not conduct a *de novo* review. *Douglas v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1428 (5th Cir. 1996). Rather, the Court must

decide only whether Judge Cordova's findings and recommendations are clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

## III. ANALYSIS

The Court has reviewed Judge Cordova's Report and Recommendation and finds no clear error or any findings or conclusions contrary to law. Judge Cordova found that Federal Rule of Civil Procedure 15 and the factors articulated in *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987), weigh in favor of granting the Plaintiff's Motion; that after granting the Plaintiff's Motion, diversity jurisdiction will no longer exist so the Court will have no authority to hear the case; and that if the Court grants the Plaintiff's Motion, the Court must remand the case to state court. (*See* ECF No. 36 at 5–8, 10.) Judge Cordova therefore recommends the Court grant the Plaintiff's Motion, not rule on Defendant Exactus Logistic's Motion, and remand the case to state court. (*Id.* at 10.)

### A. The Plaintiff's Motion to Amend the Complaint

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal district courts have diversity jurisdiction over "civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens . . . of different States." 28 U.S.C. § 1332(a)(1). Diversity exists when "the citizen of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)). Here, if the Court grants the Plaintiff's Motion, then complete diversity will be destroyed because the Plaintiff and Mr. Hernandez are both domiciled in Texas. (ECF No. 32-1.)

A court retains discretion when deciding whether to allow a plaintiff, after removal, "to join additional defendants whose joinder would destroy subject[-]matter jurisdiction." *See* 28 U.S.C. § 1447(e). In exercising its discretion, courts must balance "the danger of parallel fed-

eral/state proceedings with the inherent dangers of inconsistent results and the waste of judicial resources" against a diverse defendant's "interest in retaining the federal forum." *Hensgens*, 833 F.2d at 1182. The Fifth Circuit has identified four factors for courts to balance those competing interests: (1) "the extent to which the purpose of the amendment is to defeat federal jurisdiction"; (2) "whether [the] plaintiff has been dilatory in asking for the amendment"; (3) "whether [the] plaintiff will be significantly injured if amendment is not allowed"; and (4) "any other factors bearing on the equities." *Id.*; *see also Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677 (5th Cir. 1999). If a court allows the joinder of a nondiverse defendant, then it must remand the case. *Cobb*, 186 F.3d at 677. Here, Judge Cordova applied the *Hensgens* factors to this case's facts and determined they weighed in favor of letting the Plaintiff add a nondiverse defendant, and this Court agrees with that finding.

Judge Cordova found "[t]he first *Hensgens* factor weighs strongly in favor of granting Plaintiff leave to amend the complaint." (ECF No. 36 at 6.) When analyzing the first factor, "courts take into account considerations such as whether the plaintiff knew or should have known the identity of the nondiverse defendant when the state court suit was filed, whether the plaintiff states a valid claim against the nondiverse defendant, and the timing of the amendment." *Agyei v. Endurance Power Prods.*, 198 F. Supp. 3d 764, 770 (S.D. Tex. 2016) (collecting cases). It is unclear whether the Plaintiff knew or should have known to name Mr. Hernandez individually, considering HDZ Concrete's opaque business structure. The Plaintiff, however, has stated a facially valid negligence claim against Mr. Hernandez because he retained control over Defendant Mendez's work and therefore assumed a duty of care to ensure the safe performance of that work. *See Massage Heights Franchising, LLC v. Hagman*, 712 S.W.3d 615, 620–22 (Tex. 2025). Rather than moving to add Mr. Hernandez "shortly after removal," *Agyei*, 198 F. Supp. 3d at 775, the

Plaintiff waited until after the parties made a diligent effort to determine whether Mr. Hernandez himself is a proper party to this lawsuit, *see WNWSR, LLC v. Chesapeake Energy Corp.*, No. CV 4:15–1860, 2015 WL 7357840, at *3 n.4 (S.D. Tex. Nov. 19, 2015) (noting that the first factor focuses "on whether the *sequence* of events gives rise to an inference regarding [p]laintiff's purpose in making the [m]otion"). The Court agrees this factor weighs in the Plaintiff's favor.

For the second factor, Judge Cordova found that the Plaintiff's delay is not dispositive in deciding whether to grant or deny the Plaintiff's Motion but "was not motivated by malice or stratagem." (ECF No. 36 at 7.) It is unclear whether Judge Cordova found this factor is neutral or this factor weighs against the Plaintiff, because Judge Cordova found the second through fourth factors "also weigh in favor" of the Plaintiff. (*Id.*) When analyzing this factor, "courts look to (i) the amount of time between the original state court action and the request to amend, and the time between removal and the request; and (ii) the stage of the proceedings at the time of the amendment." *Agyei*, 198 F. Supp. 3d at 776 (citing *Lowe v. Singh*, No. H–10–1811, 2010 WL 3359525, at *2 (S.D. Tex. Aug. 23, 2010)). Courts have found the second *Hensgens* factor weighs against granting leave to amend when the plaintiff's request is filed two months after the original complaint's filing "or almost thirty days after the notice of removal." *Anzures v. Prologis Texas I LLC*, 886 F. Supp. 2d 555, 565 (W.D. Tex. 2012) (quoting *Irigoyen v. State Farm Lloyds*, No. CA-C-03-324-H, 2004 WL 398553, at *4 (S.D. Tex. Jan. 5, 2004)). Here, the Plaintiff waited almost one year between filing the complaint in Val Verde County and filing this request and waited almost eleven months between this case's removal and this request. The Plaintiff's significant delay demonstrates a lack of diligence. To the extent Judge Cordova found this factor neutral, the Court disagrees. Thus, the Court finds this factor weighs against the Plaintiff.

The third *Hensgens* factor, Judge Cordova found, weighs in the Plaintiff's favor as well. (*Id.* at 8.) When analyzing this factor, courts consider (1) "whether a plaintiff can be afforded complete relief without the amendment," (2) whether a "plaintiff 'could recover against the proposed nondiverse defendant,'" and (3) "whether the plaintiff will be forced to litigate its claim against the non-diverse defendants in a different court system." *See Shargian v. Shargian*, 591 F. Supp. 3d 100, 114 (E.D. La. 2022) (citations omitted). It is unclear whether the Plaintiff can receive complete relief without Mr. Hernandez as a defendant in this suit. The other two considerations, however, favor the Plaintiff because he has a facially valid claim against Mr. Hernandez and because he would be litigating in a state forum, even though the claim's core facts would overlap with this proceeding. This parallel litigation, as Judge Cordova aptly said, "raise[s] the risk of inconsistent outcomes." (ECF No. 36 at 8.)

Judge Cordova also found the fourth factor favors the Plaintiff because the Plaintiff's Motion is unopposed. (*Id.*) *Agyei* noted that courts consider "whether granting leave to amend would deprive a defendant of a properly invoked federal forum." 198 F. Supp. 3d at 777 (citation omitted). Defendant Exactus Logistic invoked this forum, so its choice not to oppose remand is relevant. The Court therefore agrees this factor favors the Plaintiff.

After considering Judge Cordova's application of the *Hensgens* factors, the Court finds that Judge Cordova's findings are not clearly erroneous or contrary to law, and agrees that the Plaintiff's Unopposed Motion for Leave to File Second Amend Complaint [ECF No. 31] should be granted.

**B. Defendant's Motion for Leave to File Third-Party Complaint**

Diversity jurisdiction is one of "[t]he basic statutory grants of federal-court subject-matter jurisdiction," *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006), and subject-matter jurisdiction "involves a court's power to hear a case," *United States v. Cotton*, 535 U.S. 625, 630 (2002). When

a case is removed to federal court and an amended complaint joins a nondiverse party, diversity jurisdiction is defeated and the court is divested of all authority to hear the case. *See Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 38 (2025). If a nondiverse party is joined, then "the federal court must remand the case to the state court" in which the case began. *Id.* (citations omitted).

Judge Cordova found that granting the Plaintiff's Motion will defeat complete diversity between the Plaintiff and the Defendants because the Plaintiff and Mr. Hernandez are domiciled in Texas. (ECF No. 36 at 10.) Without diversity jurisdiction, the Court has no authority to hear the case and rule on Defendant Exactus Logistic's Motion. *Wullschleger*, 604 U.S. at 38. Thus, the Court agrees that Defendant Exactus Logistic's Motion should be remanded to state court for a final determination. (ECF No. 36 at 10.)

## IV. CONCLUSION

Accordingly, the Court **APPROVES** and **ADOPTS** Judge Cordova's Report and Recommendation [ECF No. 36] and **GRANTS** the Plaintiff's Unopposed Motion for Leave to File Second Amend Complaint [ECF No. 31]. The Clerk is **ORDERED** to remand this case to state court and close the case. Defendant Exactus Logistic, Inc.'s Amended Motion for Leave to File Third-Party Complaint [ECF No. 32] shall be remanded to state court for a final determination.

SIGNED and ENTERED on this 23rd day of July 2026.

ALIA MOSES
Chief United States District Judge